IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:14CV733 |
| v. | § | |
| | § | |
| TOMMY DEWITT, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Traxxas, LP's and Michael Jenkins' Motion to Dismiss and Brief in Support (Dkt. 128). Plaintiff and Third-Party Defendant Michael Jenkins ("Mr. Jenkins") (collectively, the "Movants") request dismissal of counterclaims and third party claims asserted by Defendant Tommy DeWitt ("Defendant"). For the reasons set forth below, the Court finds that this motion should be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Defendant was as an at-will employee of Plaintiff Traxxas from January of 2008 until he resigned on July 31, 2013. *See* Dkts. 64, 128. On August 16, 2013, Plaintiff filed suit in state court against Defendant alleging theft and other causes of action. *See* Dkt. 128 at page 1. On February 7, 2014, Defendant counterclaimed alleging defamation, breach of contract, and quantum meruit. *See* Dkt. 5-3. Defendant amended his counterclaim on June 2, 2014 (Dkt. 5-8), and on October 27, 2014 (adding Mr. Jenkins as a Third-Party Defendant) (Dkt. 5-10, 5-11). After removal to this court, Defendant amended his counterclaim on February 5, 2015 (Dkt. 42) and again on March 16, 2015 (Dkt. 64). Defendant also amended his third-party complaint on February 5, 2015 (Dkt. 43) and again on March 16, 2015 (Dkt. 65).

1

Movants filed the current motion to dismiss on August 21, 2015. Dkt. 128. Defendant filed a response on September 9, 2015. Dkt. 138. Movants filed a reply on September 15, 2015 (Dkt. 142), and Defendant filed a sur-reply on September 25, 2015 (Dkt. 149).

## LEGAL STANDARD

Movants ask the Court to dismiss Defendant's counterclaims against them under Federal Rule of Civil Procedure 12(b)(6) and under Chapter 27 of the Texas Civil Practice and Remedies Code. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n. 8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id.* at 555, 557 n. 5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)

(quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Id.* (internal quotations omitted).

## ANALYSIS

*Compliance with Rule 12(b)(6)*

Movants ask for dismissal of defamation claims related to statements of "general dishonesty" and "being disloyal" as these statements are of opinion and not capable of being defamatory.  "[S]tatements that are not verifiable as false cannot form the basis of a defamation claim."  *Neely*, ––– S.W.3d at –––, 2013 WL 3240040, at *6 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21–22, 110 S.Ct. 2695, 2707, 111 L.Ed.2d 1 (1990)).  The Court finds that the statements alleging "general dishonesty" and "being disloyal to Plaintiff" are not verifiable as false.  Defendant notes that the Supreme Court stated in *Milkovich* that the statement "In my opinion Jones is a liar," though couched in terms of an opinion, could still be actionable in that it "implies a knowledge of facts which lead to the conclusion that Jones told an untruth."  497 U.S. at 18, 110 S.Ct. 2695.  In contrast, however, an assertion of "general dishonesty" implies no specific action that could be verifiable as false.  The qualifier "general" appears to distinguish an amorphous impression of a person's character from a "specific dishonesty" that is related to a particular statement and is verifiable.  As employed in Defendant's claims, "general dishonesty" is not verifiable as false and cannot form the basis of a defamation claim.  Similarly, the accusation of "being disloyal to Plaintiff" is not an objectively verifiable statement, as the concept of "loyalty" is inherently subjective, formed from a personal

3

perspective. The Court finds, therefore, that the accusations of statements alleging "general dishonesty" and of "being disloyal to Plaintiff" are not capable of defamatory meaning and defamation claims relying on these phrases are dismissed.

Movants also ask the Court to dismiss Defendant's claims for failing to comply with Rule 12(b)(6) by alleging defamatory conduct without any specificity.[1] To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or with negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998); see also *Neely v. Wilson*, —— S.W.3d ——, 2013 WL 3240040, at *5 (Tex. June 28, 2013). The pleadings for a defamation claim must be sufficiently detailed to the extent necessary to enable the defendant to respond. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 958 (E.D. Tex. 2011). The claim must also state the time and place of publication. *See Jackson v. Dallas Indep. Sch. Dist.*, No. CIV. A. 398-cv-1079, 1998 WL 386158, *5 (N.D. Tex. 1998), *aff'd*, 232 F.3d 210 (5th Cir. 2000). Defendant's counterclaim and third-party complaint allege that Michael Jenkins published defamatory statements of fact to:

> …Randy Rowlands, Gary Stapleton, Doug Minnick, Ken Gleason, Stephan Engelen, and Davaid Kouche together with others who were present when these statements were made. These statements were made at various times between August and December 2013 and potentially thereafter. These statements were made a[sic] private social events and constitute private speech.

Dkt. 64 at page 6. In *Redden v. Smith & Nephew, Inc.*, No. 3:09-cv-1380, 2010 WL 2944598 at *5 (N.D. Tex. 2010), the court found that a plaintiff's claim fell short of the federal pleading

---

[1] The Court notes that Movants' motion reads: "Even with the filing of the Declaration of Gary Stapleton (Dkt. 74-1), DeWitt continues to allege defamatory conduct with any specificity." Dkt. 128 at page 4. However, the Court recognizes this to be a typographical error; from the context it is clear Movants intended the sentence to read "…conduct *without* any specificity."

standard because the claim for defamation consisted of broad assertions and failed to specify: who made the defamatory statements, to whom the statements were made, the actual words of the defamatory statements, and the specific time and place of publication. The court dismissed the claim under Rule 12(b)(6). *Id*.

In *Jackson*, the court also found that a claim for defamation was defective for failing to state a claim and required that plaintiff replead this specific claim, stating specifically the time and place of the alleged publication. *Jackson*, 1998 WL 386158 at *5. On the other hand, in *Encompass* the court found that a somewhat general claim failing to identify when defamatory statements were published or specifically to whom they were made was specific enough to put the defendants on notice of the claim because the statements were described in a manner that would enable the defendants to easily investigate the statements. 775 F.Supp.2d at 958. The court, in making this determination, noted that plaintiff alleged that the defamatory statements were published in a specific press release and in particular letters to parties. *Id.* at 957.

In the matter before the Court, Defendant does identify with specificity the person who made the defamatory statements and some, but not all, of the people to who heard the statements. Defendant fails, however, to identify a specific time of the publication (citing a range of five months) and fails to identify with specificity the place of the publication (citing only ambiguous "private social events"). Further, Defendant fails to specifically identify the "others" at the "private social events." The Court finds that Defendant must replead his defamation claim in accordance with the appropriate standards, stating specifically the time and place the defamatory statements were made and the recipients of the defamatory statements. Defendant is directed to file an amended counterclaim and complaint, amending **only** allegations related to the defamation claim, within 30 days of the date this report and recommendation is filed.

5

*TCPA*

Chapter 27 of the Texas Civil Practice and Remedies Code, also known as the Citizens Participation Act (TCPA), provides a procedural mechanism for quickly enforcing a defense based on free speech rights. The Fifth Circuit has, without determining its applicability, previously assumed the TCPA applies in federal court where a party waived its argument that the TCPA is procedural law that conflicts with the Federal Rules of Civil Procedure. *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753 (5th Cir. 2014). However, in *Culbertson v. Lykos*, the Fifth Circuit determined that "the TCPA by its own terms has not been shown to apply," clarified that it has not "specifically held that the TCPA applies in federal court," and again pretermitted the fundamental issue of whether the TCPA is applicable in federal court. 790 F.3d. 608, 631 (5th Cir. 2015). Assuming, even for the sake of Movants' argument, that the TCPA does apply the Court finds that dismissal is not warranted.

Movants cite TCPA § 27.003(a) which states: "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file motion to dismiss the legal action." However, Movants fail to address TCPA § 27.003(b) which states: "A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause." *See also, Williams v. Cordillera Communications, Inc.*, No. 2:13-cv-124, 2014 WL 2611746, *2 (S.D. Tex. 2014) (clarifying that the "legal action" beginning the 60 day window for filing a motion to dismiss under the TCPA is not limited to the original document requesting relief, but referred to the amended claim). The Certificate of Service indicates that Defendant served Movants with his Third Amended Counterclaim and a Second Amended Third Party Complaint on March 16,

6

2015. *See* Dkt. 64 at page 13, Dkt. 65 at page 5. The final appropriate filing date for a motion to dismiss counterclaims and complaint under TCPA Chapter 27 was, therefore, May 15, 2015. The current motion to dismiss was filed on August 21, 2015, 158 days after Defendant's filing. Movants make no showing of good cause and the Court makes no independent determination of good cause. The Court is of the belief that the TCPA does not apply in this matter. Even if the TCPA applies, however, the Movants did not make a timely motion to dismiss. The Court, therefore, denies the Movants request to dismiss Defendant's claims.

*Absolute Immunity*

Movants argue they are entitled to absolute immunity and the defamation claims should be dismissed because the alleged defamatory conduct was made in the course of judicial proceedings to affiliates of Traxxas or law enforcement. *See* Dkt. 128 at page 8. "Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.…This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James v. Brown* 637 S.W.2d 914, 916-17 (Tex. 1982). In *James*, the Supreme Court of Texas affirmed the grant of summary judgment on a finding that alleged defamatory statements of doctors' reports to a probate judge and a letter to an attorney contemplating judicial proceeding were privileged. *Id*.

Defendant responds that his pleadings do not describe scenarios related to the underlying suit or to a police report. Absolute privilege attaches "only to a limited and select number of situations which involve the administration of the functions of the branches of government, such

7

as statements made during legislative and judicial proceedings." *Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 768 (Tex. 1987). Movants argue the statements at issue were made in connection with the legal proceedings and note that some individuals identified in Defendant's pleadings are affiliates of Traxxas or law enforcement. This is insufficient to support a finding of privilege. Though Defendant's claims are not appropriately specific, he does manage to allege conduct beyond statements made during legislative and judicial proceedings. Defendant references statements made to Gary Stapleton and additional parties at private social events. Some of the identified parties may be Traxxas employees or affiliates, yet this status does not decisively demonstrate that alleged statements made to them were in relation to pending litigation or in the course of judicial proceedings. Movants cite no case wherein a court found privilege when defamatory statements were alleged to have been made at private social events or under similar circumstances. The Court does not find that absolute immunity applies and will not dismiss the defamation claims due to absolute immunity.

*Time Bar*

A claim for slander or defamation must be brought in one year. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 147 (5th Cir. 2007). Defendant filed his Third Party Petition against Mr. Jenkins on October 27, 2014. Movants ask the Court to dismiss claims as to Mr. Jenkins for defamatory statements made before October 27, 2013. Defendant notes that the complaint alleges generally that defamatory statements were made at least through December 2013. The Court grants dismissal for Defendant's claims against Mr. Jenkins for any alleged defamatory statements made prior to October 27, 2013. In repleading his defamation claim, Defendant must state specifically when defamatory statements were made that are not also barred by the statute of limitations.

*Request for Additional Findings*

Movants argue that the timing of Defendant's counterclaim and petition create the inference he asserted these claims in retaliation to the Traxxas suit for theft and request "Additional Findings" as to whether these actions were improper and for attorneys' fees and sanctions pursuant to TCPA § 27.006. The Act states, in relevant part, that "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006. The Court finds no showing of good cause and does not find that additional findings are necessary. The request is denied.

*Bonus Theories*

Movants argue that the Statute of Frauds bars the bonus claim as the allegations describe an oral agreement that could not be performed within one year from the date of the agreement. Under the Texas Statute of Frauds, "an agreement which is not to be performed within one year from the date of making the agreement" is not enforceable. TEX. BUS. & COM. CODE § 26.01(b)(6). Defendant's description of the alleged incentive compensation agreement reads:

> Prior to [Defendant's] employment, Michael Jenkins … explained the incentive bonus payments that Plaintiff made annually to each of its executives. Jenkins explained that these payments were paid on or about July 1 of each year based on the prior fiscal year's profitability pursuant to a formula disclosed to Defendant and his wife at the recruiting meeting.

Dkt. 64 at pages 1-2. Defendant states that the statute of frauds is inapplicable where performance could conceivably occur within one year. Movants agree with Defendant's statement of the law, that if "performance could conceivably be completed within one year of the agreement's making, a writing is not required to enforce it." Dkt. 138 at pages 30-31. Movants note, however, that unlike cases cited by Defendant such as *Miller v. Riata Cadillac Co.*, 517

S.W.2d 773, 776 (Tex. 1974), where bonus payment was not "usually" paid until March, but could have been paid earlier, under the specific allegations in this case, performance could not even theoretically take place in one year. In *Miller*, the court noted that it is "a well-established general rule that *where no time is fixed* by the parties for the performance of their agreement, and there is nothing in the agreement itself to show that it cannot be performed within a year according to its tenor and the understanding of the parties, the agreement is not within that part of the statute of frauds which requires contracts not to be performed within a year to be in writing." *Id.* (citing *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (Tex. 1961)) (emphasis added).

Here the timing of payment and completion of the agreement, as alleged, contemplates precise dates – specifically requiring a full year of work and compensation rendered on or about July 1 of the following year. The alleged agreement describes payment that does not become due for six months following twelve months of employment. The Court finds that the agreement as alleged could not conceivably be completed within a single year and, therefore, the agreement falls under the statute of frauds and is unenforceable. The Court, therefore, dismisses Defendant's breach of contract claim as barred by the statute of frauds.

Defendant pleads, in the alternative, for recovery for services rendered under a quantum meruit theory. In Texas, "[t]o recover under the doctrine of quantum meruit, a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Movants contend that quantum meruit does not apply as Defendant furnished no valuable

10

services or materials beyond those he was already required to provide and any bonus was encompassed within Defendants at-will employment arrangement. *See Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988) ("As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials"). Defendant responds that his job did not dictate Traxxas' improved financial performance annually, and that entitlement to a bonus did not result from performance of duties encompassed by his job.

Defendant alleges that Traxxas not only employed him and paid him a base level salary for his work, but also entered an "Incentive Compensation Agreement" wherein Traxxas agreed to pay a separate amount in relation to a separate benchmark: the particular increase in sales and profitability for the previous fiscal year. Defendant does not allege an ambiguous bonus based on simply a "job well done" or an incentive to work for yet another year, but a particular return on services rendered that were required in order to achieve a particular metric of performance outside of the scope of standard, expected performance. The Court makes no determination as to the actual existence of the Incentive Compensation Agreement or as to the terms of such alleged agreement. However, the Court finds no adequate justification for dismissal of Defendant's quantum meruit claim at this time as Defendant's allegations describe an agreement for services not covered by his express at-will employment agreement.

*Severance Claim*

Movants assert that no material terms are pled for a severance agreement (any facts as to the amount of severance, a justified calculation of severance, or any other elements necessary to establish an enforceable agreement). Defendant argues that much of the exact terms of the severance agreement is still being sought through discovery, but that he has adequately pled the

severance claim. Movants call this logic into question, stating that if Defendant was not present to hear the terms of the alleged severance offer and consent to them, there can be no binding agreement. The Court agrees that, if true, Defendant should possesses the knowledge of the specific terms of the severance agreement, but the Court finds that Defendant's claim should survive an attack under Rule 12(b)(6) as it is factually suggestive so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. Defendant is required to specifically plead calculations. Movants' objection would be more appropriate as a motion for summary judgment than for a motion to dismiss for failure to state a claim.

Movants argue that, as alleged, no consideration was tendered for a severance agreement because Defendant was already engaged in his at-will employment, meaning that he could leave at any time and any promise for continued work was illusory. *Butler v. Allstate Heritage Life Insurance Company*, 4:13-cv-199, 2014 WL 4058974, at *9 (E.D. Tex. 2014) (stating that a "promise dependent on a period of continued employment is…incapable of constituting valid consideration because 'it fails to bind the promisor, who always retains the option of discontinuing employment in lieu of performance.'") (citation omitted). Defendant argues that even in an at-will employment scenario, a unilateral promise can provide consideration, as the Supreme Court of Texas found in *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 304 (Tex. 2009). In *Vanegas*, at-will employees agreed to continue with the company until it was sold several years later, and that continuing their employment with the company until it was sold constituted performance under the unilateral contract. *Id.* Here, the alleged promise for severance is not illusory because it constitutes an offer that Defendant could accept by the

12

performance of continuing to work at least one more day. This describes a valid unilateral contract. Therefore, at this time the Court will not dismiss Defendant's severance claim.

Movants argue that quantum meruit is inapplicable for recovery of severance because, in particular, Defendant performed no uncompensated work beyond his normal duties. Defendant merely lists the requirements for quantum meruit claims and states that there is no question Defendant met the threshold requirements. As previously discussed, "a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly*, 744 S.W.2d at 934. Here, as alleged, Defendant was compensated for his rendering of services according to his express at-will employment agreement, and he alleges no services or materials not covered by that contract. Therefore, quantum meruit does not apply and the Court dismisses Defendant's claim for recovery of severance under a quantum meruit theory.

*Declaratory Judgment*

Movants state that a defensive declaratory judgment claim is improper on its face and should be dismissed. Defendant states that if a counterclaimant's request for declaratory relief has broader implications than the original suit, it may be proper. Specifically, Defendant argues that he seeks relief not sought by his answers on issues of equitable tolling and Movants' alleged violation of Texas code. Movants argue, however, that Defendant's declaratory judgment claim is merely the defensive counterpart to Traxxas' pending breach of contract claim.

Federal courts have broad discretion in granting or denying declaratory relief. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) ("Although a court may not dismiss a request for declaratory relief on the basis of whim or personal disinclination … the court may consider a variety of factors in determining whether to decide a declaratory judgment suit.'"). *Regus*

*Management Group, LLC, v. International Business Machine Corp.*, No. 3:07-cv-1799, 2008 WL 2434245 at *2 (N.D. Tex. June 17, 2008) (quoting *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir.1989)). "If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted." *Id.* (citing *Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980) and *Madry v. Fina Oil & Chemical Co.*, 44 F.3d 1004, 1994 WL 733494 at *2 (5th Cir.1994)). "In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Id*. (citations omitted).

The Court finds that, while resolution of the claim for breach of contract will resolve many issues raised by Defendant's counterclaim, Defendant is also seeking affirmative relief due to an alleged violation of Section 15.51(c), Tex. Bus. & Comm. Code that is not part of the relief sought by Movants. Therefore, the Court allows Defendant's claim to proceed.

*Attorneys' Fees*

Movants ask the Court to dismiss Defendant's claim for attorneys' fees since Traxxas is a limited partnership and a person may not recover attorneys' fees against a partnership under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173, 176 (N.D. Tex. 1997) (holding that the statute does not provide for award of attorneys' fees against a limited partnership). Defendant argues that Texas has not addressed this particular question and that state appellate courts provide merely persuasive guidance that the Court need not follow. Defendant cites a Texas appellate court for the competing proposition that Section 38.001 was designed only to recodify preexisting law rather than make a substantive change. *See Lake LBJ Municipal Utility Dist. v. Coulson*, 893 S.W.2d 880, 891 (Tex. App.—Austin 1992, writ ref'd n.r.e.). Defendant argues that previous Texas law allowed for fees to be recovered against

partnerships, and that the Texas Supreme Court affirmed a grant of attorneys' fees against a partnership under 38.001 in *Bohatch v. Butler & Binion*, 977 S.W.2d 543, 547 (Tex. 1998) notwithstanding the decision in *Ganz*.

The Court agrees that the Texas Supreme Court allowed recovery of attorneys' fees from a law firm partnership in *Bohatch*, but notes that this case did not address the issue of recoverability of statutory attorneys' fees from a defendant under the language of § 38.001 because the issue was not presented on appeal. *Ganz*, it appears, is the one federal case that does discuss this issue and concluded that partnerships are not included in the defined parties against whom a claim for attorneys' fees may be made. Since the highest state court has not yet spoken on the issue, the federal court must determine how the highest state court might rule. *See F.D.I.C. v. Abraham*, 137 F.3d 264, 267 (5th Cir. 1998). The Court agrees with the reasoning in *Ganz*:

> The natural and logical explanation is that the legislature, knowing that the Code Construction Act defined "person" to include "partnerships," among others, thereby intended to exclude those who by definition are not "individuals" or "corporations." It excluded "partnerships." To now read "partnerships" back in would defy the ordinary expectation of the legislative act.

173 F.R.D. 173, 176, (N.D. Tex. 1997). Traxxas is a limited partnership, and therefore, the Court dismisses Defendant's claim for attorneys' fees.

## CONCLUSION

Defendant's claims for defamation are partially dismissed as previously described. The Court directs Defendant to file an amended counterclaim and complaint, amending only allegations related to his defamation claim, within 30 days of the date of this report and recommendation is filed. The Court denies Movants request for dismissal under the TCPA or under a finding of absolute immunity. The Court grants Movants' motion regarding the

dismissal of claims of defamation for any alleged statements made prior to October 27, 2013 as barred by the statute of limitations. Movants' request for additional findings is denied. The Court dismisses Defendant's breach of contract claim related to his bonus theory as barred by the statute of frauds. The Court denies Movants' request to dismiss Defendant's quantum meruit claim related to his bonus theory, his severance claim, or his declaratory judgment claim. The Court dismisses Defendant's quantum meruit claim related to recovery of severance and Defendant's claim for attorneys' fees. Traxxas, LP's and Michael Jenkins' Motion to Dismiss and Brief in Support (**Dkt. 128**) is therefore **GRANTED IN PART** and **DENIED IN PART**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of December, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE